CASE NO. 23-3
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
_____

ROBERT SAMPSON,

*Plaintiff-Appellee*

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

*Defendant-Appellant*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
_____

PLAINTIFF-APPELLEE'S OPPOSITION
TO MOTION FOR EXPEDITED APPEAL
_____

**Mary C. Vargas**
**Michael Steven Stein**
**STEIN & VARGAS, LLP**
**10 G Street NE, Suite 600**
**Washington, DC 20002**
**Tel: (240) 793-31815**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ........................................................................... ii

ARGUMENT .................................................................................................. 1

    I.    NBME Improperly Inflates the Stakes of the Interlocutory Appeal in Seeking Rushed Appellate Review ................................. 1

    II.    NBME Moved Slowly in Seeking Expedited Review .................... 3

    III.    NBME's Request for Expedited Review Does Not Comply with this Court's Local Rules .......................................................... 5

CONCLUSION ............................................................................................... 7

CERTIFICATE OF COMPLIANCE ............................................................... 9

CERTIFICATE OF SERVICE ...................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Agudath Isr. of Am. v. Cuomo*, 980 F.3d 222 (2d Cir. 2020) .......................... 4

*Alleyne v. N.Y. State Educ. Dep't*, 516 F.3d 96, 100 (2d Cir. 2008) .............. 2

*Cuomo v. Barr*, 7 F.3d 17 (2d Cir. 1993) ........................................................ 4

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir. 1989) ................. 4

*Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 251 (3rd Cir. 2020), *cert. denied*, 141 S. Ct. 1517 (2021) ................................................................ 2

*Ramsay v. Nat'l Bd. of Med. Exam'rs*, 2019 U.S. Dist. LEXIS 222782 (E.D. Pa. Dec. 30, 2019), *aff'd*, 968 F.3d 251 (3d Cir. 2020) .......................... 4

*Sampson v. Nat'l Bd. of Med. Exam'rs*, 22-CV-05120(JMA)(AYS), 2022 U.S. Dist. LEXIS 217633 (E.D.N.Y. Dec. 2, 2022) .......................... 2, 3

*Timex Corp. v. AAi.Fostergrant, Inc.*, 8 F. App'x 94 (2d Cir. 2001) ........... 4-5

## STATUTES

28 U.S.C. § 1915 ............................................................................................. 5

## RULES

Fed. R. App. P. 2 ............................................................................................. 6

Fed. R. App. P. 27 ........................................................................................... 6

Fed. R. Civ. P. 26 ............................................................................................ 4

Local Rule 27.1 ............................................................................................... 7

Local Rule 31.2 ....................................................................................... 5, 6, 7

## ARGUMENT

I. **NBME IMPROPERLY INFLATES THE STAKES OF THIS INTERLOCUTORY APPEAL IN SEEKING RUSHED APPELLATE REVIEW**

NBME errs in characterizing this case as capable of repetition yet evading review. The District Court's injunction was preliminary, allowing Sampson to resume his medical education while the parties litigate the underlying merits of his case. As NBME observed in its motion, for Sampson to become a licensed physician, he must pass three separate "Steps" of the United States Medical Licensing Examination ("USMLE"), with each step representing a distinct board examination. NBME Mot. at 6. NBME also acknowledged that the preliminary injunction at issue in this appeal is limited to accommodations for Step 1 of the USMLE. *Id*. NBME argues that expedited review is necessary because Step 1 scores will be reported as part of residency applications, but NBME's assumptions about when Sampson will apply for residency are unsupported by the factual record. Sampson must also pass additional Steps in order to become a licensed physician. Since the preliminary injunction did not address the subsequent steps of the USMLE, considerable litigation remains in the District Court before Sampson can even apply for much less begin his residency.

NBME improperly seeks to heighten the stakes on appeal that are, in reality, about whether a single individual with disabilities should be allowed an

1

opportunity to take the very first step of the medical board examinations under fair conditions while this litigation plays out, with the same accommodations in place that his medical school provides him with on examinations designed by the NBME. NBME also ignores the significant hurdles that it faces on appeal given this Court's clearly established precedents holding that grants of preliminary injunction are reviewed only for abuse of discretion, particularly when there is significant fact-finding including credibility determinations. *E.g.*, *Alleyne v. N.Y. State Educ. Dep't*, 516 F.3d 96, 100 (2d Cir. 2008); *see also, e.g.*, *Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 251, 256 n.5 (3d Cir. 2020) (factually similar case to this appeal reviewing the grant of a preliminary injunction against NBME for abuse of discretion).

In this case, the District Court acted with care, issuing a preliminary injunction only after conducting a three-day evidentiary hearing with seven witnesses, 41 exhibits, and a transcript that runs 453 pages. The District Court reviewed this evidence and issued a carefully considered 41-page decision discussing in detail its fact-finding at the preliminary injunction stage. NBME refers repeatedly to the conclusions of its paid consultants but does not mention that none of its consultants ever met Sampson in person. *Sampson v. Nat'l Bd. of Med. Exam'rs*, 22-CV-05120(JMA)(AYS), 2022 U.S. Dist. LEXIS 217633, at *51 (E.D.N.Y. Dec. 2, 2022). The District Court heard testimony from both parties and

2

determined that Sampson's witnesses and evaluators—who observed Sampson first-hand—were more credible in their assessment of his disabilities. *Id.* at *51-53.

Since the District Court has not yet ruled on what accommodations Sampson is entitled to on subsequent Steps of the USMLE, the parties must still litigate in the District Court the issues that NBME has asserted on appeal, including whether Sampson is an individual with a disability, and what accommodations he needs on the board examinations. Since there remain significant unresolved issues below that will persist even if the grant of preliminary injunction is affirmed, there is no reason for this Court to rush its appellate review at the expense of carefully engaging the record and applying the appropriate abuse-of-discretion standard of review accorded grants of preliminary injunction.

## II. NBME MOVED SLOWLY IN SEEKING EXPEDITED REVIEW

NBME has moved at a glacial pace in appealing this case. After the District Court granted the motion for preliminary injunction on December 2, 2022, NBME waited 28 days to file an appeal on December 30, 2022. NBME then waited another 11 days to file a motion to expedite appellate review on January 10, 2023, meaning that it did not file the motion to expedite until a full 39 days after the District Court entered the preliminary injunction, a powerful indicator that

3

NBME's motion to expedite is not as urgent as it claims. *See, e.g.*, *Agudath Isr. of Am. v. Cuomo*, 980 F.3d 222, 225 (2d Cir. 2020) (denying motion by party that waited 11 days to file appeal); *Cuomo v. Barr*, 7 F.3d 17, 19 (2d Cir. 1993) (rejecting motion by movant that waited 57 out of a possible 60 days to file appeal); *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 583-84 (2d Cir. 1989) (denying appellate relief for party that waited three weeks to file appeal).

NBME does not address its delays in seeking appellate review. Rather, it focuses on the purported lack of discovery in this case, an issue irrelevant to the merits of appeal from the grant of preliminary injunction. NBME's arguments about discovery are also misplaced, for it could have sought expedited discovery pursuant to Fed. R. Civ. P. 26(d)(1), which provides for expedited discovery "by court order."[1]

Since NBME has repeatedly passed up on opportunities to engage in discovery, it cannot assert its failure to do so as a ground for rushing appellate review. *See, e.g.*, *Timex Corp. v. AAi.Fostergrant, Inc.*, 8 F. App'x 94, 97-98 (2d

---

[1] NBME has taken advantage of expedited discovery in a factually similar case involving the same counsel in this case. In *Ramsay v. Nat'l Bd. of Med. Exam'rs*, 2019 U.S. Dist. LEXIS 222782 (E.D. Pa. Dec. 30, 2019), *aff'd*, 968 F.3d 251 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1517 (2021), the parties conducted preliminary discovery that included depositions. *See Ramsay v. Nat'l Bd. of Med. Exam'rs*, Case No. 2:19-cv-02002 [Doc. No. 11] (filed Aug. 5, 2019). NBME sought no such expedited discovery in this case.

4

Cir. 2001) (noting the lack of urgency conveyed by the "the leisurely pace at which [the movant] has conducted this litigation, including this appeal").[2]

### III. NBME'S REQUEST FOR EXPEDITED REVIEW DOES NOT COMPLY WITH THIS COURT'S LOCAL RULES

Pursuant to Local Rule 31.2(b)(1), this Court maintains an Expedited Appeals Calendar ("XAC") that is limited to appeals from (1) the grant of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction; (2) the grant of Rule 12(b)(6) motions to dismiss for failure to state a claim; (3) dismissal of a frivolous complaint; or (4) any other ground specified in 28 U.S.C. § 1915(e)(2) (relating to proceedings *in forma pauperis*). Since the grant of a preliminary injunction does not fall within any of these categories, this case is ineligible for placement on the Expedited Appeals Calendar.[3]

Further, even following ordinary briefing scheduling as set forth in Local Rule 31.2(a), briefing will still be complete before Sampson applies for a residency, and well in advance of Sampson becoming a licensed physician.

---

[2] NBME has also moved slowly in the District Court, twice requesting an extension of its deadline to file a responsive pleading. *See Sampson v. Nat'l Bd. of Med. Exam'rs*, Case No. 2:22-cv-05120-JMA-AYS [Doc. Nos. 13, 41] (motions for extension of time to file responsive pleading).

[3] In the event that this case is nonetheless placed on the Expedited Appeals Calendar, local rules call for each party to have 35 days to file its principal brief, with the appellant then having 14 days to file a reply brief. Local Rule 31.2(b)(3). NBME's proposed deadlines do not comport with this rule.

5

NBME can file early its opening brief, and all briefing will be complete by May at the latest.

NBME does not reference Local Rule 31.2 at all in its motion to expedite. Instead, NBME refers to Fed. R. App. P. 2, which provides for suspension of appellate rules of procedure for "good cause". NBME cannot demonstrate such "good cause" because, as described *supra*, it has moved glacially in litigating this case. Further, as described, the preliminary injunction granted represents only a portion of the total injunctive relief that Sampson seeks in this case, since he still needs to take Step 2-CK and Step 3, and the District Court has not yet made any ruling on accommodations beyond Step 1. This Court still has ample time to rule even following the normal briefing schedule.

Equitable considerations further support following this Court's regular briefing deadlines. NBME, as described *supra*, waited 39 days from the grant of preliminary injunction to file a motion to expedite the appeal. Motions practice on the motion to expedite will consume approximately another 17 days. Fed. R. App. P. 27(a)(3), (4). These segments of time total 56 days, ample time for NBME to draft its opening brief in the meantime. NBME would then limit Sampson to just 28 days to file an appellee brief, less than one-third of the 91 days that a party can request to file such a response. Local Rule 31.2(a)(1)(B). NBME would then give itself 14 days to file a reply brief, two-thirds of the time typically allotted for a

6

reply. Local Rule 31.2(a)(2). Pursuant to NBME's proposed expedited deadlines, NBME will have significant time for appellate briefing at Sampson's expense, a discrepancy that does not accord with this Court's practice of according the parties the same amount of time to file their opening briefs. *See generally* Local Rule 31.2.

The NBME also cannot demonstrate good cause when it failed to designate its motion to expedite an "emergency motion", instead leaving blank this portion of its Motion Information Statement. Local Rule 27.1(d) requires motions seeking emergency or expedited relief to "be preceded by as much advance notice as possible to the clerk and to opposing counsel of the intent to file an emergency motion", which, as described *supra*, NBME utterly failed to do in waiting four weeks to file the appeal, and even after filing the appeal, waiting another 11 days to actually file the motion. Since NBME has both moved slowly and failed to comply with this Court's established procedures in requesting expedited relief, it is not entitled to the rushed interlocutory review of a preliminary injunction.

## CONCLUSION

For the foregoing reasons, this Court should deny NBME's motion to expedite interlocutory review and order this case set for briefing pursuant to Local Rule 31.2(a), to ensure that the parties both have an equitable opportunity to brief

7

the matter and that this Court has the time to review comprehensively the evidentiary record in this case.

                                 Respectfully Submitted,

                                 /s/ Michael Steven Stein
Mary C. Vargas
Michael Steven Stein
STEIN & VARGAS, LLP
10 G Street NE, Suite 600
Washington, DC 20002
Tel: (240) 793-31815

8

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,711 words. I further certify that this document complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

      /s/ Michael Steven Stein
Michael Steven Stein

*Counsel of Record for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

I certify that on January 20, 2023, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Second Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished through the CM/ECF system.

 /s/ Michael Steven Stein
Michael Steven Stein

*Counsel of Record for Plaintiff-Appellee*