PerkinsCoie

700 13th Street, NW
Suite 600
Washington, D.C. 20005-3960

T +1.202.654.6200
F +1.202.654.6211
PerkinsCoie.com

**Robert Burgoyne**
RBurgoyne@perkinscoie.com
D. +202.654.1744
F. +202.624.9548

April 21, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United State Courthouse
40 Foley Square
New York, New York 10007

**Re:** *Sampson v. National Board of Medical Examiners,* **No. 23-3 (2d Cir.) (oral argument heard April 18, 2023)**

Dear Ms. Wolfe:

Our firm represents appellant the National Board of Medical Examiners ("NBME") in the referenced appeal. Yesterday, appellee Robert Sampson filed a letter with the Court attaching an Order entered yesterday by the district court below. The Order appears to have been entered *sua sponte* after it "c[a]me to the [district court's] attention that during oral argument held before the Second Circuit ... on April 18, 2023, the Second Circuit inquired about Sampson's academic status at Stony Brook, specifically whether Sampson is subject to dismissal by Stony Brook for failing to complete his medical degree in seven years." Order at 1 (included as part of Dkt. No. 108 in this appeal). The district court states that its Order is intended to "clarify the procedural posture and status of Sampson v. Stony Brook University et al., Case No. 22-CV-04490, as the procedural posture and status may not be clear from the minute entries and filings on the docket." *Id.* at 2.

After noting that "the seven-year deadline for Sampson to complete his medical degree passed on August 12, 2022," the Order states that Stony Brook consented to "maintaining Sampson's enrollment" pending that court's resolution of Mr. Sampson's preliminary injunction motion in his lawsuit against NBME, and then "further consented to maintaining Sampson's enrollment pending a resolution of NBME's appeal of the [district court's] decision" granting Mr. Sampson's preliminary injunction motion. *Id.* "[B]y contrast," the Order states, NBME "did not consent to interim relief pending the resolution of Sampson's preliminary injunction motion in the case against Stony Brook, Case No. 22-CV-04490." *Id.*

161907002.1

The Order further states that the district court "terminated Sampson's preliminary injunction motion [against Stony Brook] given Stony Brook's decision not to dismiss him pending resolution of the NBME's present appeal," and that the court "never ordered any interim relief in Case No. 22-CV-04490 because Stony Brook repeatedly consented to maintaining Sampson's enrollment as set forth above." *Id.* at 3.

The purpose of this letter is to respond briefly to Mr. Sampson's filing, which was made at the direction of the district court.

First, with respect, we do not know what the lower court's Order is referring to when it states that NBME, in contrast to Stony Brook, "did not consent to interim relief pending the resolution of Sampson's preliminary injunction motion in the case against Stony Brook...." NBME was never asked to consent to interim relief in Mr. Sampson's lawsuit against NBME pending the resolution of Mr. Sampson's preliminary injunction motion in his earlier-filed lawsuit against Stony Brook. Moreover, it is unclear what such "interim" relief might have entailed given that Mr. Sampson sought a mandatory preliminary injunction requiring NBME to allow him to take Step 1 of the United States Medical Licensing Examination with all of his requested accommodations, which mirrors the *final* injunctive relief he seeks in his complaint with respect to the Step 1 exam.

Second, to the extent the information in the district court's Order relates to the question "whether Sampson is subject to dismissal by Stony Brook for failing to complete his medical degree in seven years," Order at 1, we note that the status report referenced in the district court's Order states that the parties "reached an impasse" in their efforts to resolve their dispute amicably. *See* Letter from Stony Brook's Counsel, *Sampson v. Stony Brook*, No. 22-CV-044900 (DE 21) (filed Jan. 31, 2023). Then, noting "recent developments in the appeal to the Second Circuit of the grant of a preliminary injunction in *Sampson v. National Board of Medical Examiners*," Stony Brook requested on behalf of all parties that the district court "defer any action in this matter, whether related to efforts to resolve the litigation or to the pending motion for a preliminary injunction, until the Second Circuit rules." *Id*. In response to this status report, the district court terminated Mr. Sampson's motion for a preliminary injunction against Stony Brook "for administrative purposes only." Order, *Sampson v. Stony Brook* (docket entry of 2/1/2023). Mr. Sampson's lawsuit against Stony Brook to prevent his dismissal from medical school remains pending.

Respectfully submitted,

*Robert A. Burgoyne*

Robert Burgoyne

Cc: All counsel of record via ECF

2

161907002.1