23-3-cv
Sampson v. National Board of Medical Examiners

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-three.

PRESENT:
      **RICHARD C. WESLEY,**
      **MICHAEL H. PARK,**
      **BETH ROBINSON,**
          *Circuit Judges.*

---

**Robert Sampson,**

      *Plaintiff-Appellee*,

    v.

**National Board of Medical Examiners,**        23-3

      *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | ROBERT A. BURGOYNE (Caroline M. Mew, *on the brief*), Perkins Coie LLP, Washington, DC. |
| **FOR PLAINTIFF-APPELLEE:** | CHARLES WEINER, Law Offices of Charles Weiner, Doylestown, PA (Mary C. Vargas, Michael S. Stein, Stein & Vargas, LLP, Washington, DC, *on the brief*). |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this summary order.

Plaintiff-Appellee Robert Sampson is a medical student at Stony Brook University. Defendant-Appellee National Board of Medical Examiners ("NBME") is a nonprofit organization that develops and administers the United States Medical Licensing Examination ("USMLE"), a series of three "Step" exams. Sampson sued NBME, claiming that NBME denied him testing accommodations on Step 1 in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Sampson sought a preliminary injunction requiring NBME to offer him certain testing accommodations on Step 1. Sampson also independently sued Stony Brook, after the school informed Sampson that it planned to dismiss him because—having first enrolled at Stony Brook in 2015—Sampson could not complete his medical degree within seven years, as required by school policy. *See Sampson v. Stony Brook Univ., et al.*, No. 22-CV-04490 (E.D.N.Y.). Sampson claimed that the seven-year graduation policy was discriminatory as applied and sought a preliminary injunction enjoining his dismissal. The district court temporarily stayed any action by Stony Brook pending resolution of Sampson's motion for preliminary injunction in that case. During a consented-to sixty-day extension of that stay, the court granted Sampson a preliminary injunction against NBME in this case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

"We review a district court's decision to grant or deny a preliminary injunction for abuse of discretion." *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011). A district court has abused its discretion if it "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id*. (quoting *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009)).

"Ordinarily, to obtain a preliminary injunction . . . the movant has to demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, . . . (3) public interest weighing in favor of granting the injunction," and (4) "that the balance of equities tips in his or her favor." *Yang v. Kosinski*, 960 F.3d 119, 127 (2d Cir. 2020) (cleaned up). But when, as here, "the movant is seeking to modify the status quo by virtue of a mandatory preliminary injunction (as opposed to seeking a prohibitory preliminary injunction to maintain the status quo), or where the injunction being sought will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits, the movant must also: (1) make a strong showing of irreparable harm, and (2) demonstrate a clear or substantial likelihood of success on the merits." *Id.* at 127-28 (cleaned up).

Here, the district court erred by concluding that Sampson has made a strong showing of irreparable harm. The district court reasoned that Sampson "cannot continue his medical training until he passes Step 1" and "it is likely that he will again fail Step 1 if he takes the exam without accommodation" so "he will not be able to progress to his final year of medical school unless he receives accommodations on Step 1." Special App'x at SPA-21. But Sampson's complaint against Stony Brook alleges that Stony Brook has sought to dismiss him and has repeatedly stated that

3

Sampson will not be granted an exception to the seven-year graduation requirement. So Sampson's alleged inability to progress in medical school depends not only on the outcome of this lawsuit, but also on the outcome of Sampson's lawsuit against Stony Brook.[1] The district court thus erred in making a determination of harm that is contingent on the outcome of Sampson's separate legal proceeding against Stony Brook.

In a footnote, the district court acknowledged NBME's argument that "taking the Step 1 exam will not alter the fact that [Sampson] is subject to dismissal by Stony Brook," but it stated that "even if Sampson were to prevail in his lawsuit against Stony Brook, he still could not proceed with his medical studies without taking and passing Step 1." Special App'x at SPA-22 n.8. This, however, does not resolve whether Sampson has made a strong showing of irreparable harm. To the contrary, regardless of the outcome of the NBME case, Sampson cannot continue with medical school unless he prevails in his lawsuit against Stony Brook.[2] And the district court did not conclude—nor has Sampson offered any arguments showing—that Sampson is likely to prevail against Stony Brook or secure a favorable settlement if he passes Step 1. Sampson thus failed to demonstrate a strong showing of irreparable harm, where the court did not address whether the

---

[1] After oral argument, the district court issued an order regarding the status of Sampson's litigation against Stony Brook, including describing developments that occurred after the district court issued the preliminary injunction. But "subsequent events do not bear directly on the validity of the District Court's action in granting the preliminary injunction." *United States v. Students Challenging Regul. Agency Procs.*, 412 U.S. 669, 683 n.11 (1973). In reviewing the district court's mandatory injunction against NBME, we consider the record, including the procedural posture of Sampson's litigation against Stony Brook, as it existed at the time the district court entered the NBME injunction before us in this appeal.

[2] Although it is possible that Sampson could try to continue his medical career at a different university after taking Step 1, the district court found that "[b]ased on Sampson's MCAT scores and previous attempts to gain admission to medical school—which resulted in only one offer of admission—it is unlikely that he would win admission to other medical schools." Special App'x at SPA-22.

ultimate harm that Sampson seeks to avoid—termination of his medical studies—will occur whether he is granted an injunction or not.

On remand, the district court may reevaluate the motion for preliminary injunction against NBME in light of Sampson's potential termination from medical school by Stony Brook. The court may of course also consider developments in the Stony Brook case.[3]

The district court thus should not have issued a mandatory preliminary injunction against NBME. We have considered all of Sampson's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] It appears that Sampson must be enrolled in medical school in order to take Step 1 and must pass Step 1 to complete his studies at Stony Brook. Because forbearance by Stony Brook, or a ruling in Sampson's favor in that case, is essential to the district court's ability to award relief to Sampson in this case against NBME, the district court may want to consider whether Stony Brook is a required party in this lawsuit, without whom "the court cannot accord relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); see also Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party."); cf. Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 262 (3d Cir. 2020) ("Furthermore, because WMed is not a party to this case, the Court could not require it to reinstate her, and the Board presents no theory for how the Board could redress the termination of Ramsay's medical education."). Likewise, because Sampson apparently cannot continue his medical studies at Stony Brook without passing Step 1, the court may consider whether NBME is a necessary party in the Stony Brook case. See Fed. R. Civ. P. 19(a)(1)(A).